IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCONT A. WALKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF POST FALLS, et al, )<br>)<br>Defendants. )<br>) | Case No. CV07-264-N-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss (Docket No. 4). Plaintiff has responded to the motion and Defendants have filed a reply brief. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Plaintiff Scott Walker's ("Walker") Complaint alleges certain state law causes of action for assault and battery, false imprisonment, and intentional infliction of emotional distress as well as causes of action for alleged violations of his constitutional rights pursuant to 42 U.S.C. 1983 against Defendants City of Post Falls, Post Falls City Police Department, Chief Clifford Hayes, Sgt. Chapman, Officer E. K. Anderson and Jane Doe Anderson (collectively referred to as "Defendants"). Idaho Code § 6-610 precludes a party from filing a complaint against a law enforcement officer unless Plaintiff also files a written undertaking and requisite bonds. Specifically, § 6-610 provides that before any civil action may be filed against any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, the proposed plaintiff, as a condition precedent, shall file a written undertaking with at least two sufficient sureties in an amount to be fixed by the court.

Defendants argue the state law claims against individual law enforcement officers should be dismissed for Plaintiff's failure to comply with Idaho Code § 6-610. Plaintiff maintains he is

indigent and the bond requirement should be waived and in the alternative, that the state statute is unconstitutionally vague.

In <u>Urrizaga v. Twin Falls County</u>, 106 Fed. Appx. 546, 549 (2004), the court held that Idaho Code § 6-610 does not violate the Equal Protection Clause of the Fourteenth Amendment and in footnote 2 that "[t]here is no bond requirement for bringing claims under 42 U.S.C. § 1983." This Court agrees that there is no bond requirement for § 1983 actions. This position is also supported by the recent decision in <u>Hyde v. Fisher</u>, 143 Idaho 782, 152 P.3d 653 (Ct. App. 2007) wherein the court held that the security requirement of § 6-610 is preempted by federal law. However, the bond requirement does apply to Plaintiff's state law claims.

Therefore, Plaintiff must comply with the mandatory bond requirements when suing peace officers under Idaho Code § 6-610 for the state law claims contained in the Complaint. <u>See Greenwade v. Idaho State Tax Commission</u>, 119 Idaho 501, 808 P.2d 420 (Ct. App. 1991). Any argument the bond requirement was implicitly repealed pursuant to <u>Kent v. Pence</u>, 116 Idaho 22, 773 P.2d 290 (Ct. App.1989) has been rejected by this Court in a number of cases. <u>See</u>, <u>e.g.</u>, <u>Lewis v. City of Nampa, et al</u>, Civil Case No. 04-502-S-EJL.

Plaintiff's failure to post the bond required by § 6-610 would normally preclude Plaintiff's state law claims. However, a court may waive costs, fees and security for indigent parties. Pursuant to Idaho Code § 31-3220, a party may file an affidavit stating that he or she is indigent and unable to pay the costs, fees and securities associated with a case. This affidavit can be examined by the Court, and after an informal inquiry, if the Court determines the party is indigent, the Court could waive certain costs, fees and security. <u>See Hyde</u> (indigent prisoners can also request waiver under Idaho Code 31-3220A which supersedes the requirements of § 6-610); <u>McMillian v. Gem County, et al</u>, Docket No. CV07-078-S-EJL (waiver for indigency allowed, indigency not established).

Plaintiff is not a prisoner and has filed a financial affidavit indicating he receives $1,200 a month in worker's compensation and his living expenses are $886 a month. <u>See</u> Affidavit of Indigency, Docket No. 6. Based on the affidavit and Defendant's argument that worker's compensation benefits are tax free and the Plaintiff's monthly compensation is greater than a person

working full-time for minimum wage, the Court finds the Plaintiff has discretionary income and is not indigent.  Accordingly, to the extent the motion seeks a waiver of the bond requirement of § 6-610, it must be denied.

Plaintiff next argues that the statute is vague as it does not set forth guidelines for the court to determine the amount of the bond before filing the complaint.  The argument is meritless as plaintiff may simultaneously move for a bond to be waived or set by the court when the complaint is filed.  Moreover, the Idaho Supreme Court has rejected the argument that the statute is defective because it does not contain a standard for fixing of the bond amount.  Pigg v. Brockman, 79 Idaho 233, 314 P.2d, 609 (1957).  Bond undertakings in cases against law enforcement officers are routine and this Court is familiar with examining financial affidavits to determine indigency.  Further, the Court finds § 6-610 is not vague when the standards for evaluating vagueness are applied from Grayned v. City of Rockford, 408 U.S. 104 (1972).  Finally, § 6-610 does not violate the Idaho constitutional right of access to the courts contained in Article I, Section 18.  Pigg, 79 Idaho 233, 238-242, 314 P.2d 614-18.

The Court has reviewed the Complaint and finds an appropriate bond amount in this case to be $5,000. Having found that a bond is required for the state law claims and that Plaintiff is not indigent, the Court orders the Plaintiff to obtain the requisite statutory securities within twenty (20) days of the date of this Order and to file such notice with the Court.  Failure to obtain the requisite security will result in the dismissal of the state law claims against all individual law enforcement officers.

Being fully advised in the premises, the Court hereby orders that Defendants' motion to dismiss pursuant to Idaho Code § 6-610 (Docket No. 4) is DENIED WITHOUT PREJUDICE.

DATED: **September 6, 2007**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge